IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
APR 26 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**TERRENCE ANTHONY CHEESEMAN,**

    Petitioner,

v.                                                                        Civil Action No. **3:15CV511**

**HAROLD W. CLARKE,**

    Respondent.

### MEMORANDUM OPINION

Terrence Anthony Cheeseman, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Newport News ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

Cheeseman pled guilty in the Circuit Court to abduction, two counts of robbery, use a firearm during the commission of a felony, and wearing a mask in public and was sentenced to an active sentence of twelve years. *See Cheeseman v. Commonwealth*, No. 1986-12-1, at 1 (Va. Ct. App. Jan. 31, 2014). Cheeseman appealed. On January 31, 2014, the Court of Appeals of Virginia dismissed Cheeseman's appeal and allowed counsel to withdraw. *Id.* at 2.

Prior to the conclusion of his direct appeal, Cheeseman filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. On August 2, 2013, the Supreme Court of Virginia dismissed the petition because it found Cheeseman could have pursued his claim for

habeas relief at trial and on direct appeal. *See Cheeseman v. Dir. of the Dep't Corr.* No. 130857, at 1 (Va. Aug. 2, 2013) (citing *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974)).

On August 29, 2013, Cheeseman filed a second petition for a writ of habeas corpus, this time with the Circuit Court. *Cheeseman v. Dir., Va. Dep't of Corr.*, No. CR13H02119-00, at 2 (Va. Cir. Ct. Nov. 20, 2013). The Circuit Court denied the petition as an improper successive petition. *Id.* (citing Va. Code Ann. § 8.01-654(B)(2)).

On August 21, 2015, Cheeseman filed his § 2254 Petition with this Court. (§ 2254 Pet. 15).[1] In his § 2254 Petition, Cheeseman asserts the following claims for relief:

| | |
|---|---|
| Claim One | "Fifth Amendment violation in that Petitioner's statement to detectives on August 23, 2011 was *coerced*." (§ 2254 Pet. 6.) |
| Claim Two | Cheeseman failed to receive the effective assistance of counsel because counsel retained Cheeseman's file while counsel pursued Cheeseman's appeal which hampered Cheeseman's ability to file his state petitions for writs of habeas corpus. (ECF No. 1-1, at 22 (as paginated by CM/ECF).) |
| Claim Three | "Fifth Amendment violation in that Petitioner's *Miranda* rights were *not* proper as required under *Miranda*.[2]" (§ 2254 Pet. 9 (emphasis added).) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Cheeseman's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[1] This is the date that Cheeseman mailed his § 2254 Petition to the Court and the date the Court deems the § 2254 Petition filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] *Miranda v. Arizona*, 383 U.S. 903 (1966).

2

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

The Court of Appeals of Virginia dismissed Cheeseman's direct appeal on January 31, 2014. Cheeseman's convictions became final on Monday, March 3, 2014, when the time to pursue a further appeal to the Supreme Court of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:17(a)(2) (requiring notice of appeal to be filed within thirty (30) days). Because Cheeseman failed to file his § 2254 Petition by Tuesday, March 3, 2015, the § 2254 Petition is barred unless Cheeseman demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Cheeseman asserts that he is entitled to equitable

tolling.[3] As explained below, Cheeseman fails to demonstrate any entitlement to equitable tolling.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Cheeseman suggests that he is entitled to equitable tolling because: (1) he misunderstood how the federal statute of limitations functioned; (2) "counsel blatantly delayed in furnishing Petitioner with his case file," (§ 2254 Pet. 13); and, (3) the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), demonstrates "'cause' for the procedural default," (*id.* at 14).

First, Cheeseman's ignorance or misunderstanding of the statute of limitations fails to constitute an extraordinary circumstance that warrants equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003))).

Second, Cheeseman's temporary lack of access to his legal file does not warrant equitable tolling. Cheeseman "fails to articulate specific facts[, as he must,] which demonstrate why any temporary lack of access to a particular document prevented him from filing his habeas petition in a timely fashion." *O'Neill v. Dir., Virginia Dep't of Corr.*, No. 3:10CV157, 2011 WL

---

[3] Neither Cheeseman nor the record suggests any basis for a belated commencement of the limitation period.

4

3489624, at *6 (E.D. Va. Aug. 9, 2011) (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Allen v. Johnson*, No. 1:08cv1343 (TSE/TCB), 602 F. Supp. 2d 724, 729 (E.D. Va. 2009)). Moreover, Cheeseman's own submissions reflect that counsel provided Cheeseman with his case file on February 12, 2014. (ECF No. 1-1, at 14 (as paginated by CM/ECF).) Cheeseman waited well over a year after receiving his case file to file his § 2254 Petition.

Finally, the decision in *Martinez* "relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition . . . ." *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014) (emphasis omitted). "The decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." *Ward v. Clarke*, No. 3:14CV11-HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (citing *Lambrix*, 756 F.3d at 1262).

The record thus demonstrates that Cheeseman's lack of diligence, rather than any extraordinary circumstance, prevented him from filing his § 2254 Petition in a timely manner.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Cheeseman's claims will be DISMISSED, and his § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

/s/ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Roderick C. Young
United States Magistrate Judge

Date: April 26, 2016
Richmond, Virginia

5